[Cite as *State v. Richardson*, 2013-Ohio-2068.]

**[Please see nunc pro tunc opinion at 2013-Ohio-5760.]**

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 2012CA00166 |
| LANCE RICHARDSON | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Stark County Court of
                             Common Pleas, Case No.
                             2012CR0737

JUDGMENT:                     Affirmed

DATE OF JUDGMENT ENTRY:       May 20, 2013

APPEARANCES:

For Appellant:                For Appellee:
JACOB T. WILL                 KATHLEEN O. TATARSKY
116 Cleveland Ave. NW – Suite 808   Assistant Prosecuting Attorney
Canton, OH 44702              110 Central Plaza South – Suite 510
                             Canton, OH 44702-1413

*Baldwin, J.*

{¶1} Appellant Lance Richardson appeals a judgment of the Stark County Common Pleas Court convicting him of aggravated robbery (R.C. 2911.01(A)(3)) and felonious assault (R.C. 2903.11(A)(1)). Appellee is the State of Ohio.

## STATEMENT OF FACTS AND CASE

{¶2} In December of 2011, Todd Davis placed an ad on Craig's List for a date. A woman named Tiffany responded to his ad and started texting Davis. On January 3, 2012, Tiffany texted Davis wanting to meet him at a bar on the corner of 15th Street and Harrison in Canton.

{¶3} Davis went to the bar. Tiffany was not there, so he sat at the bar and drank a few sodas. Eventually Tiffany texted Davis, asking him to pick her up at an address in Canton.

{¶4} Davis arrived at the address Tiffany gave him around 10:30 p.m. At her direction, he parked in a public lot near Aultman Hospital. Tiffany was waiting for him. Davis and Tiffany began walking down an alley where there were apartments. Davis assumed that they were walking to Tiffany's apartment.

{¶5} A man wearing a hoodie walked up to Tiffany and asked her for a light. He did not have his cigarette with him, and briefly walked away. When he came back, he hit Davis in the head with bottle. While Davis was on the ground, the man kicked him in the face several times, asking for his wallet. At this point, Davis was knocked "totally loo-loo." Tr. 141. Tiffany, whose real name is Maria Likouris, ran away. The

man took Davis' cell phone and his wallet. Davis went to Aultman Hospital and was treated for a broken nose and fractured eye socket.

{¶6} Detective Gary Cochran of the Canton Police Department was assigned to investigate the case. He learned that appellant's Chase credit card was used at a Speedway gas station near the site of the robbery at 11:03 p.m. Video surveillance tapes showed Likouris and a man wearing a black hoodie using Davis' credit card to make purchases. The credit card was then used at 11:43 p.m. in a Giant Eagle grocery store, along with a Giant Eagle Advantage Card belonging to appellant. Likouris and the man in the hoodie were also spotted holding hands on Wal-Mart video surveillance at 3:32 a.m., using Davis' credit card to attempt to purchase American Express gift cards. While in the store, the pair returned a Wii game for a cash refund, and appellant's name was signed to the receipt.

{¶7} The video surveillance tapes were shown to Davis. Davis was "pretty sure" that the woman in the videos was the woman he knew as Tiffany. He was not sure if the male in the videos was the man who attacked him. Three days later, Davis viewed a photo lineup that included appellant. On a scale of one to five, with one being certain a photo is not of the perpetrator and five being certain that the photo is of the perpetrator, Davis rated the photo of appellant a three and the remaining five photos as ones.

{¶8} Det. Cochran interviewed Likouris on February 3, 2012. After waiving her *Miranda* rights, she told Cochran that appellant, who was her boyfriend, set up the meeting with Davis. Appellant asked her for a lighter and the next thing she knew,

appellant hit Davis.  However, she later told a public defender that appellant attacked Davis in self defense.

{¶9}   Appellant was indicted by the Stark County Grand Jury with one count of aggravated robbery and one count of felonious assault.  Appellant filed a motion to suppress the photo identification on the grounds that it was tainted by showing Davis the video surveillance films of appellant using the stolen credit cards.  He also moved to suppress his statement to police on the grounds that he was not given *Miranda* warnings.  The court overruled the motion to suppress the photo identification, but granted the motion to suppress the statement.

{¶10} The case proceeded to jury trial in the Stark County Common Pleas Court.  At trial, Likouris admitted that she accompanied appellant to Speedway, Giant Eagle and Wal-Mart after the robbery, but claimed she did not know the identity of the man who assaulted and robbed Davis.  She testified that she only told Det. Cochran that the man who assaulted and robbed Davis was appellant because she was upset with appellant at the time.

{¶11} Appellant was convicted as charged.  He was sentenced to ten years incarceration for aggravated robbery and five years incarceration for felonious assault, to be served concurrently for an aggregate term of ten years.  He assigns three errors on appeal:

{¶12} "I. THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION TO SUPPRESS THE IDENTIFICATION OF THE APPELLANT DUE TO THE SUGGESTIVE NATURE OF THE PHOTO LINEUP."

{¶13} "II. THE TRIAL COURT ERRED IN FAILING TO GIVE THE APPELLANT'S REQUESTED JURY INSTRUCTION REGARDING PRIOR INCONSISTENT STATEMENTS OF A MATERIAL WITNESS."

{¶14} III. THE APPELLANT'S CONVICTIONS FOR ONE COUNT OF AGGRAVATED ROBBERY IN VIOLATION OF R.C. 2911.01 AND ONE COUNT OF FELONIOUS ASSAULT IN VIOLATION OF R.C. 2903.11 WERE AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

I.

{¶15} In his first assignment of error, appellant argues that the court erred in overruling his motion to suppress because the photo lineup was impermissibly tainted by the store video surveillance tapes previously viewed by Davis.

{¶16} When a witness is shown a photograph of a suspect before trial, due process requires a court to suppress the photo identification of the suspect if the photo array was unnecessarily suggestive of the suspect's guilt and the identification was not reliable. *State v. Waddy*, 63 Ohio St.3d 424, 438, 588 N.E.2d 819 (1992), superseded by constitutional amendment on other grounds. The defendant has the burden to show that the identification procedure was unduly suggestive. *State v. Harris,* 2nd Dist. No. 19796, 2004-Ohio-3570, ¶ 19. If the defendant meets that burden, the court must then consider whether the identification, viewed under the totality of the circumstances, is reliable despite its suggestive character. *Id.,* citing *State v. Wills*, 120 Ohio App.3d 320, 324, 697 N.E.2d 1072 (1997).  If the pretrial confrontation procedure was not unduly suggestive, any remaining questions as to reliability go to the weight of the

identification, not its admissibility, and no further inquiry into the reliability of the identification is required. *Id.* at 325, 697 N.E.2d 1072.

{¶17} The trial court found that appellant failed to meet his burden of demonstrating that the method used by the police in the instant case was impermissibly suggestive. We agree.

{¶18} Appellant was shown the videotape several days before the photo lineup. He was unable to identify the man in the videotape as the man who assaulted him, although he was "pretty sure" the woman in the videotape was the woman he knew as Tiffany. However, when appellant viewed the photos, he was still only able to assign a number of three out of five to his certainty that appellant was the man who assaulted him. As the trial court noted at the end of the suppression hearing, "So if the officer was suggesting something, he didn't suggest it well because it was a 1 out of – it was a 3 out of 5, you know what I'm saying?" Tr. Supp. 46. The nebulous identification of appellant by Davis went to the weight of the evidence, not its admissibility. There is nothing in the evidence presented at the suppression hearing to indicate that the identification in the photo lineup was in any way tainted by the videotape.

{¶19} The first assignment of error is overruled.

II.

{¶20} Appellant argues that the court erred in failing to give his requested jury instruction regarding prior inconsistent statements by Likouris.

{¶21} Likouris was called as a court witness and a hostile witness. She testified at trial that she did not recognize the man who attacked appellant. She admitted that she was with appellant, who was her boyfriend, when he used Davis'

credit cards later that night, but she testified that appellant bought the cards from someone else.

{¶22} The state used two prior inconsistent statements by Likouris to impeach her credibility. In one statement she told Detective Cochran that appellant attacked and robbed Davis. She also admitted that she told the public defender that appellant attacked Davis, but in self defense.

{¶23} Appellant requested an instruction which stated that the jury may not consider previous statements by Likouris as substantive evidence of what actually occurred on the day in question, and could only use these statements to judge her credibility. Instead, the court instructed the jury that they may or may not consider these statements as substantive evidence, or they may use statements to judge her credibility as a witness. Tr. 294-295.

{¶24} Appellant does not argue that the statements were inadmissible to impeach the credibility of the witness; rather, appellant argues that the statements could not be used as substantive evidence of guilt because the statements were hearsay. The State concedes that the statements could not be used as substantive evidence of guilt, and argues that the court's instruction was harmless error.

{¶25} In *Neder v. United States,* 527 U.S. 1, 119 S.Ct. 1827, 144 L.Ed.2d 35(1999), the United States Supreme Court held that because the failure to properly instruct the jury is not in most instances structural error, the harmless error rule of *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705, applies to a failure to properly instruct the jury, for it does not necessarily render a trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence. Crim. R. 52(A)

defines harmless error as any "error, defect, irregularity, or variance which does not affect substantial rights."

{¶26} The error in the judge's instruction was harmless in the instant case. Video surveillance tapes show appellant using Davis' credit cards shortly after the robbery and in an area near the site of the robbery. Appellant used his own Giant Eagle advantage card along with the credit card stolen from Davis, and signed a receipt at Wal-Mart using his own name on the same visit where he used a card stolen from Davis. Likouris admitted to posing as "Tiffany" and taking Davis to the spot where he was robbed, although her statements varied concerning the identity of the attacker. There is no evidence to corroborate her new statement at trial that appellant purchased the stolen credit cards from someone else before they began going from store to store using the cards. Although Davis could not identify appellant as the man who attacked him with certainty, he could identify him by a three on a scale of five. There is sufficient evidence independent of the prior statements by Likouris from which the jury could have concluded that appellant was the man who attacked and robbed Davis. The error in the instruction was therefore harmless.

{¶27} The second assignment of error is overruled.

III.

{¶28} Appellant argues that his convictions are against the manifest weight of the evidence and were not supported by sufficient evidence.

{¶29} In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of

witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, 78 Ohio St. 3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541, quoting *State v. Martin*, 20 Ohio App. 3d 172, 175, 485 N.E.2d 717 (1983).

{¶30} An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E.2d 492, paragraph two of the syllabus (1991).

{¶31} Appellant does not argue that the State failed to prove any of the statutory elements of the offenses of aggravated robbery and felonious assault, but rather argues that his convictions were based on mistaken identity, fueled by a suggestive photo lineup and inconsistent testimony by Likouris.

{¶32} The State presented evidence that Likouris used the name "Tiffany" to respond to an ad appellant placed on Craig's list. She directed him to meet her in a public parking lot, and led him down an alley toward what Davis thought was her apartment. In the alley, she was approached by a man who asked her for a "light." The man hit Davis with a bottle, kicked and beat Davis, and took his wallet and cell phone. During the attack, the man referred to Davis as "Dave." Because Davis was hit from behind, he could not positively identify the man, but did state that the man was African-American and wearing a black hoodie. He was able to assign appellant's picture a number three out of five when viewing the photo lineup. Davis was attacked

around 10:30 p.m., and video tapes showed appellant and Likouris using the stolen credit cards at three places near the scene of the robbery almost immediately thereafter: Speedway at 11:00 p.m., Giant Eagle at 11:42 p.m., and Wal-Mart at 3:32 a.m. The credit cards were later found at a doctor's office around the corner from the place where appellant and Likouris were staying. Further, while Likouris stated at trial that someone other than appellant attacked Davis, her credibility was impeached by the fact that she had given two prior statements identifying appellant as the attacker.

{¶33} The judgment is supported by sufficient evidence and is not against the manifest weight of the evidence. The third assignment of error is overruled.

{¶34} The judgment of the Stark County Common Pleas Court is affirmed.


By: Baldwin, J.

Hoffman, P.J. and

Wise, J. concur.


_____
HON. CRAIG R. BALDWIN


_____
HON. WILLIAM B. HOFFMAN


_____
HON. JOHN W. WISE


CRB:rad

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO              :

   Plaintiff - Appellee       :      JUDGMENT ENTRY

-vs-                      :

                        :      Case No.   2012CA00166

LANCE RICHARDSON     :

   Defendant - Appellant   :


For the reasons stated in our accompanying Opinion on file, the judgment of the

Stark County Court of Common Pleas is affirmed.  Costs assessed to Appellant.


_____
HON. CRAIG R. BALDWIN


_____
HON. WILLIAM B. HOFFMAN


_____
HON. JOHN W. WISE